**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEFFREY ALLEN** | § | |
| | § | |
| **PLAINTIFF,** | § | **CIVIL ACTION NO. 4:25-cv-4831** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **CHEVRON U.S.A. INC., and** | § | |
| **DC INTERNATIONAL, LLC** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 43 U.S.C. § 1349, Defendant Chevron

U.S.A. Inc. ("Chevron"), hereby gives notice and removes this action to the United States District

Court for the Southern District of Texas, Houston Division.  Chevron represents the following in

accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the

grounds for removal":

### TEXAS STATE COURT ACTION

1.

Chevron is the defendant in the matter styled "*Jeffrey Allen versus Chevron U.S.A, Inc., et

al.*" pending in the 11th Judicial District Court of Harris County, Texas, and bearing Cause No.

2025-59760 ("State Court Action").

2.

Plaintiff Jeffrey Allen filed his Original Petition in the State Court Action on August 19,

2025.  The Original Petition was not served on Chevron.  Plaintiff Jeffrey Allen then filed his First

Amended Petition in the State Court Action on September 11, 2025 ("Petition").    Attached as

Exhibit A is a complete copy of all pleadings currently filed in the 11th Judicial District Court of Harris County under Cause No. 2025-59760 and the other materials required by Local Rule 81.

3.

Chevron was served with the Petition on September 23, 2025.

4.

Chevron filed its Original Answer and Defenses on October 8, 2025.

5.

Based on the electronic docket available for the State Court Action, defendant DC International, Inc. has not been served and has not filed any pleadings in the State Court Action as of the time of this filing.

**TIMELINESS**

6.

This Notice of Removal is timely filed, as it is being filed within thirty days of receipt of a copy of the pleading setting forth the claim for relief and service of process as required by 28 U.S.C. § 1446(b).

**VENUE IS PROPER IN THIS COURT**

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas is the district in which the State Court Action was pending.

**GROUNDS FOR REMOVAL**

8.

Pursuant to 43 U.S.C. § 1349, this Court has original jurisdiction over this matter because it arises out of or in connection with an operation conducted on the Outer Continental Shelf that involved exploration, development, or production of the minerals of the Outer Continental Shelf.

Further, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this matter because it arises under the laws of the United States, namely the Outer Continental Shelf Lands Act, ("OSCLA"), 43 U.S.C. § 1331, *et seq.*

9.

OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals."  43 U.S.C. § 1349(b)(1) (emphasis added).

10.

Plaintiff alleges that on or about May 30, 2024, he was employed as a Rig Clerk by Defendant DC International, Inc., when he sustained personal injuries while working on a "Chevron offshore rig."  *See* Ex.  A, Plaintiff's First Amended Petition, at ¶4.2.  Plaintiff's allegations refer to the VALARIS DS-18, a drillship that engages in the exploration and production of oil and gas on the Outer Continental Shelf and at all relevant times was providing services at the Ballymore BP003 (OCS-G 34451) well in Mississippi Canyon block 607 (MC 607), located offshore Louisiana on the Outer Continental Shelf in the Gulf of Mexico.  The services performed by the VALARIS DS-18 involve the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf.  But for those operations on the Outer Continental Shelf, Plaintiff's alleged claims (which are denied) would not have arisen.

11.

Accordingly, the events that form the subject of the State Court Action constitute a matter "arising out of" and "in connection with" operations on the Outer Continental Shelf, thus, this

Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b).  Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted may arise under federal statutes, namely, OCSLA, 43 U.S.C. §§ 1331 et seq..

12.

This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 43 U.S.C. § 1349 (OCSLA) and 28 U.S.C. § 1331 (federal question).

13.

With regard to Plaintiff's Jones Act allegations, the Fifth Circuit has long recognized that fraudulently pleaded Jones Act claims present no bar to removal to federal court.  *See, e.g., Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995).  Defendants may "pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* at 175.  Thus, a federal court may allow removal of a fraudulently pleaded Jones Act claim.  *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999).  A Jones Act claim is fraudulently pleaded when there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act.  *Id.* at 357. (citing *Burchett*, 48 F.3d at 176).  *See, e.g., Teavor v. Seatrix of La.*, 434 Fed. Appx. 307 (5th Cir. 2011) (affirming removal of fraudulent Jones Act claim).  To establish liability under the Jones Act, "the plaintiff's complained of injury must have been suffered while he was a seaman and in the course of his employment." *Fields*, 182 F.3d at 357.  Plaintiff fails to allege the facts necessary to make Jones Act claims against the defendants generally much less any facts specific to Chevron.  To the extent Plaintiff does allege Jones Act claims against Chevron, Chevron does not own or control the drillship upon which Plaintiff worked, nor did Chevron employ Plaintiff at any time.  Therefore, Plaintiff's Jones Act claims are fraudulently pled and cannot

defeat removal of this action. Under these circumstances, remand is improper as to Chevron regardless of the Plaintiff's claims against other parties. *See, e.g., Wells v. Abe's Boat Rentals Inc.*, No. 13-1112, 2013 WL 3110322, at \*4 (S.D. Tex. June 18, 2013).

14.

Chevron hereby removes this action to the United States District Court for the Southern District of Texas.

**OTHER MATTERS**

15.

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of all executed process in the case, pleadings, orders signed by the state judge, a copy of the docket sheet, an index of such documents, and a list of all counsel in the State Court Action are attached as part of Exhibit A.

16.

Plaintiff sued Chevron and DC International, Inc. Upon information and belief, DC International, Inc. has not yet been served so that written consent to this removal from defendants other than Chevron is not required.

17.

By filing this notice of removal, Chevron U.S.A. Inc. hereby gives written consent to this removal.

18.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

19.

Chevron fully reserves its rights, including, but not limited to, all available arguments in support of removal; any available defenses, including those permitted by Rule 12 of the Federal Rules of Civil Procedure; all other jurisdictional, procedural, and venue defenses; and defenses to the merits of this action.  Moreover, Chevron reserves the right to supplement or amend this Notice of Removal.

20.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

21.

Undersigned counsel certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the 11th Judicial District Court for Harris County, Texas, and served on Plaintiff's counsel.

WHEREFORE, Chevron U.S.A. Inc. hereby removes this action to the United States District Court for the Southern District of Texas.

Respectfully submitted,

*/s/ Michael A. Golemi*___
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com

**ATTORNEYS FOR DEFENDANT
CHEVRON U.S.A. INC.**

-7-

**OF COUNSEL:**

**LISKOW & LEWIS, APLC**
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile:  (713) 651-2908
Email:  jspatzwall@liskow.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9th, 2025, a copy of the foregoing pleading was (1) filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system, and (2) sent by United States mail, postage prepaid, to counsel for the plaintiff and the Clerk of Court for the 11th Judicial District Court of Harris County.

*/s/ Michael A. Golemi*
Michael A. Golemi