IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY ALLEN, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-25-4831 |
| § | |
| CHEVRON U.S.A., INC, *et al.*, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Jeffrey Allen sued Chevron U.S.A., Inc. and DC International, Inc. for injuries sustained in the course of his employment on a "Chevron offshore rig," (Docket Entry No. 1-2 at 14), under the Jones Act, general maritime law, and the Texas common law, (*id.* at 14). Chevron removed under the Outer Continental Shelf Lands Act. (Docket Entry No. 1). Allen moved to sever and to remand the Jones Act claims to state court. (Docket Entry No. 5). Chevron and DC International oppose the motion to remand the Jones Act claims against them. (*Id.* at 3–5; Docket Entry No. 13).

Chevron and DC International in effect argue that the Jones Act claims against them are fraudulently alleged. *See Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (explaining that the doctrine of fraudulent joinder applies to Jones Act claims). Chevron argues that this court should not sever and remand the Jones Act claims against it because Allen "fails to allege that Chevron was his employer for purposes of the Jones Act or should otherwise be liable under the Jones Act"; because he "has made only conclusory allegations regarding the Jones Act"; because he "fails to detail the work he was performing" and "his connection to the 'vessel in navigation'"; and because he fails to allege "a connection to a vessel in navigation which is

substantial in terms of both its duration and nature with regard to any defendant." (*Id.* at 4–5, 4 n.1). DC International echoes these arguments. (Docket Entry No. 13 at 2–4). The defendants are correct on each point. The operative complaint, which was removed from state court, is sparse and does not plead enough facts to plausibly allege a Jones Act claim, even against Chevron under the borrowed-servant doctrine. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (applying federal pleading standards to assess fraudulent joinder at the time of removal).

But this conclusion does not resolve the motion to remand. Chevron and DC International argue that they can remove putative Jones Act claims if "the complaint failed to allege sufficient facts to support a cause of action under the Jones Act." *Addison v. Gulf Coast Contracting Servs., Inc.*, 744 F.2d 494, 498 (5th Cir. 1984) (citing *Preston v. Grant Advert., Inc.*, 375 F.2d 439, 440–41 (5th Cir. 1967) (per curiam)). But the fact that the state-court complaint is not consistent with federal pleading rules does not mean a plaintiff lacks "a reasonable basis of recovery." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). A plaintiff's failure to state a claim under federal pleading rules at the time of removal, without more, does not suggest that he or she lacks a reasonable chance of winning in state court. The Fifth Circuit has required more definite proof of futility. *See, e.g.*, *Preston*, 375 F.2d at 440–41 (upholding a verdict on an allegedly removed Jones Act claim because the plaintiff failed to allege one after two attempted motions to remand and because the evidence at trial was "insufficient to support recovery under any theory the plaintiff advances").

A less stringent rule would undermine Congress's decision to make Jones Act claims nonremovable. *See Box v. Eco Servs. Operations Corp.*, 802 F. Supp. 3d 986, 989 (S.D. Tex. 2025). To avoid removal under a theory of fraudulent joinder, a plaintiff would have to conform

to federal-court pleading standards in advance. If the plaintiff does not, if removal follows, and if the plaintiff then amends his or her complaint to allege a Jones Act claim under the Federal Rules, a federal court is left with two options: (1) remand the case back to state court, making the exercise of removal and repleading a waste of judicial resources; or (2) adjudicate the Jones Act claim in federal court, despite the plaintiff's decision to file suit in state court. Neither outcome makes sense. The burden is on the removing party to show that the plaintiff did not and cannot state a claim for relief under the Jones Act. *Cf. Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 516 (5th Cir. 2021) (explaining that the removing party must put forward evidence that would negate the possibility of liability).

Neither Chevron nor DC International has met this burden. They argue only that the current complaint does not adequately state a Jones Act claim. They do not argue that Allen could not plead a claim against them under the Jones Act. Nor have they put forward discrete evidence "showing that [the] plaintiff has no possibility of recovery." *Id.*

For these reasons, the motion to sever and to remand the Jones Act claims, (Docket Entry No. 5), is granted. The court will enter separately an Order remanding Allen's Jones Act claims against DC International and Chevron. The court will discuss with the parties whether to stay the claims removed under OCSLA at the February 10, 2026, initial conference.

SIGNED on February 9, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3